**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JESSICA MARIE NORTHWICK,

    Plaintiff,

v.              Case No. 6:19-cv-109-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Jessica Marie Northwick (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for disability and Supplemental Security Income benefits. Doc. Nos. 1, 22. Claimant alleges a disability onset date of December 25, 2014. R. 12. Claimant argues that the decision should be reversed because the Administrative Law Judge ("ALJ"): 1) failed to give any weight to the opinion of Marilyn Dellagloria, A.R.N.P. related to Claimant's mental limitations; 2) the ALJ failed to discuss the majority of a treating physician's opinion regarding Claimant's physical limitations or give it proper weight; and 3) the ALJ found that Claimant's mental health improved when she was compliant with her medication but did not consider Claimant's reasons for being non-compliant. Doc. No. 22 at 21-30. For the reasons stated below, the ALJ's final decision is **REVERSED**.

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

1

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## I. ANALYSIS

Claimant makes multiple arguments regarding the ALJ's failure to consider both Ms. Dellagloria's and Dr. Willis's opinions properly and the failure to consider whether compliance with medication was within Claimant's control. Doc. No. 22 at 21-30. Claimant argues that: the ALJ failed to address or assign any weight to Ms. Dellagloria's opinion as a treating source (Doc. No. 22 at 21); the ALJ mischaracterized Plaintiff's mental health treatment records as showing improvement (Doc. No. 22 at 22); the ALJ improperly relied on the opinion of Barbara Lewis, PhD, a non-examining state agency physician, regarding Claimant's impairments because her opinion was provided in 2015 and did not take Ms. Dellagloria's opinion into account (Doc. No. 22 at 26); the ALJ failed to discuss the majority of Dr. Willis's opinion about Claimant's limitations and focused solely on the portion of his opinion related to Claimant's ability to balance (Doc. No. 22 at 27); the ALJ failed to determine whether Claimant's alleged noncompliance with

2

her medication was without good cause (Doc. No. 22 at 28); and the ALJ failed to consider Dr. Willis's opinion pursuant to 20 C.F.R. § 404.1527(c) and improperly gave more weight to a non-examining physician's opinion than to Dr. Willis's opinion as a treating physician (Doc. No. 22 at 29-30).

In response, the Commissioner argues that Ms. Dellagloria's opinion is not a medical opinion, because she is not an "acceptable medical source." Doc. No. 22 at 31. The Commissioner argues while the ALJ should generally explain the weight given to an opinion from other sources, it is also sufficient for the ALJ to discuss the evidence in a manner that enables a subsequent reviewer to follow the ALJ's reasoning in regard to opinions from other sources that may have an effect on the outcome of the case. Doc. No. 22 at 32. The Commissioner points to the ALJ's reliance on Claimant's reported activities and that those activities were consistent with the findings of the Dr. Lewis, the non-examining psychological consultant. Doc. No. 22 at 33. The Commissioner also relies on the ALJ's discussion of the improvement in Claimant's symptoms when she was compliant with medication. Doc. No. 22 at 33. The Commissioner argues that this is sufficient to allow this Court to follow the ALJ's reasoning and Claimant's argument is a simple attempt to have this Court reweigh the evidence. Doc. No. 22 at 34.

At Step Two, the ALJ found that Claimant had the following severe impairment: degenerative disc disease. R. 14. The ALJ found Claimant also had obesity, depression, anxiety, hypertension, carpal tunnel syndrome bilaterally, insomnia, umbilical hernia, otitis media, and sinusitis/bronchitis but that none of these conditions were severe. R. 14-15. With respect to Claimant's depression and anxiety, the ALJ found that Claimant had only minimal limitations in: understanding, remembering, or applying information; interacting with others; concentrating, persisting and maintaining pace; and adapting and managing oneself. R. 15. After considering all

3

the evidence, including opinion evidence, the ALJ found that Claimant's RFC was light work "except with occasional climbing of ramps and stairs, no climbing of ladders, ropes, and scaffolds; unlimited balancing; and occasional stooping, kneeling, crouching and crawling; she must avoid concentrated exposure to extreme temperatures and vibrations; and she must avoid even moderate exposure to hazards such as open flames, unprotected heights and dangerous moving machinery." R. 16.

Although Claimant makes several arguments, one is dispositive in this instance and requires remand. Claimant argues that the ALJ failed to consider the opinion of Marilyn Dellagloria, an advanced registered nurse practitioner, who treated Claimant's depression and anxiety. Doc. No. 20 at 21. Ms. Dellagloria began treating Claimant in May 2017. Doc. No. 22 at 25. On January 5, 2018, Ms. Dellagloria completed a "Medical Opinion re: Ability to Do Work-Related Activities" for Claimant and opined that, from September 30, 2016 to present, Claimant suffered significant limitations in her mental abilities including "no useful ability to function" with respect to: "sustain an ordinary routine without special supervision"; "Complete a normal workday and workweek without interruptions from psychologically based symptoms"; "perform at a consistent pace without an unreasonable number and length of rest periods; "interact appropriately with the public"; "travel in unfamiliar places"; and "use public transportation." R. 705-06. Ms. Dellagloria also opined Claimant was "seriously limited" in other areas including getting along with coworkers and dealing with normal work stress. R. 705. Ms. Dellagloria explained that "Agoraphobia [and] unpredictable panic attacks limit her ability to leave the home, to interact with others [and] affects concentration. HX of trouble learning and also meets criteria for attention deficit disorder, so this makes A-D in Section II [the ability to do skilled or semiskilled work] unrealistic for this patient." R. 706.

A medical opinion is a statement "from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including . . symptoms, diagnosis and prognosis" and what a claimant can still do despite any impairments and any related physical and mental restrictions that might apply. 20 C.F.R. § 404.1527(a)(1). ALJs are required to evaluate and weigh all medical opinions. *Id.* § 1527(c).

A nurse practitioner is not an "acceptable medical source," but can provide a medical opinion as to the severity of a claimant's impairments and how they affect a claimant's ability to work. *Taylor v. Comm'r of Soc. Sec.*, No. 6:07-cv-1023, 2008 U.S. Dist. LEXIS 114035, at *19 (M.D. Fla. Jun. 26, 2008). An ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* § 1527(f)(2); SSR 06-03p; *Mobley v. Comm'r of Soc. Sec.*, No. 6: 18-cv-896, 2019 U.S. Dist. LEXIS 110669, at *18-19 (M.D. Fla. Jun. 5, 2019). "An 'ALJ is not free to disregard the opinions of health care professionals simply because they are not medical doctors.'" *Turner v. Astrue*, No. 07-194, 2008 U.S. Dist. LEXIS 125653, at *34 (S.D. Ala. Sept. 10, 2008) (*adopted by* 2008 U.S. Dist. LEXIS 75947) (quoting *O'Connor v. Barhart*, No. C03-3081, 2004 U.S. Dist. LEXIS 19537, at *16-17 (N.D. Iowa Sept. 28, 2004)).

The ALJ states that he considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527. R. 16. Ms. Dellagloria's opinion regarding Claimant's functional limitations is more restrictive than the ALJ's RFC finding, so the opinion could have an effect on the outcome of the case. R. 705-06. There is one reference to Ms. Dellagloria's treatment notes in the ALJ's opinion and it is used to support the ALJ's finding that Claimant's mental condition

improves when she is compliant with medication.[1]  R. 17.  There is no reference to Ms. Dellagloria's opinion regarding Claimant's work-related mental limitations, no specific weight was given to it, and the balance of the ALJ's opinion is insufficient to inform the Court as to what reasons he may have had for accepting or rejecting the opinion because the limitations contained therein are simply not addressed.  There is no indication that the ALJ considered Ms. Dellagloria's opinion regarding functional limitations and the ALJ's generalized statement that he considered all opinion evidence is insufficient to demonstrate the ALJ considered Ms. Dellagloria's opinion in this case.

The Court finds the ALJ failed to apply the correct legal standard when he failed to consider Ms. Dellagloria's opinion as to Claimant's work-related mental limitations.  This Court is unable to conduct a meaningful review of the ALJ's decision.  *See Turner*, 2008 U.S. Dist. LEXIS 125623, at *38 (fact that claimant was being managed on medication "does not address the issue of whether she has limitations as a result of her mental impairments, and the extent of any such limitations."); *O'Connor*, 2004 U.S. Dist. LEXIS 19537, at *17-18 (where ALJ provided no explanation as to why he did not consider opinion of nurse practitioner, even though he included some of the suggested limitations in a hypothetical, there was no discussion or reasons provided as to why those limitations were not included in claimant's RFC and the matter had to be remanded).  Thus, this matter must be remanded for further consideration.[2]

---

[1] As Claimant argues, the ALJ relies on this finding to minimize any impact her mental condition may have on her ability to work without determining why she is non-compliant. Doc. No. 22 at 28.  The same treatment record cited by the ALJ also reflects that Claimant stopped taking her medication because she ran out or had side effects.  R. 699.

[2] Because this matter will be remanded, the Court will not address the remaining errors ascribed to the ALJ's decision.  The ALJ will have to reweigh the evidence upon remand and may reconsider the issues raised by Claimant.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## II. **CONCLUSION**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE AND ORDERED** in Orlando, Florida, on November 26, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Bradley K. Boyd, Esq.
1310 West Eau Gallie Boulevard, Suite D
Melbourne, Florida 32935

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa Street
Suite 3200
Tampa, Florida 33602

Christopher G. Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Jeremy Albanese, Branch Chief
Marcus M. Johns, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Doug Gabbard, II
U.S. Administrative Law Judge
Office of Hearing Operations
Social Security – OHO

542 South 2nd Street
McAlester, Oklahoma 74501-9901